UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

NETBANK, INC.,                                          Case No. 3:07-bk-04295-JAF
                                                        Chapter 11
        Debtor.
_____

CLIFFORD ZUCKER, in his capacity as                     Adversary Proceeding No.: 3:09-ap-0451-JAF
LIQUIDATING SUPERVISOR for
NETBANK, INC.,

    Plaintiff,

v.

DWIGHT GALLOWAY,

    Defendant.
_____

## <u>ANSWER TO COMPLAINT</u>

Defendant, Dwight Galloway, by and through undersigned counsel, responds to the Complaint Under Section 547, 548, 550 and 551 of the Bankruptcy Code to Avoid, Recover and Preserve Preferential Transfer or Fraudulent Transfer filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. (the "Liquidating Supervisor") as follows:

    1.      Defendant admits the allegations of paragraph 1.

    2.      Defendant admits the allegations of paragraph 2.

    3.      Defendant admits the allegations of paragraph 3.

    4.      Defendant admits the allegations of paragraph 4.

    5.      Answering paragraph 5, Defendant states that Sections 6.3 and 6.5 of the Debtor's plan of liquidation speak for themselves.

6.      Answering paragraph 6, Defendant states that Sections 6.3 and 6.5 of the Debtor's plan of liquidation speak for themselves.

7.      Defendant admits that a copy of a document titled Irrevocable Trust Agreement for Use with Nonqualified Deferred Compensation Program that is signed by a representative of the Debtor, but not signed by a representative of AMVESCAP National Trust Company is attached to the Complaint as Exhibit A but is otherwise without knowledge of the allegations of paragraph 7 and therefore denies them.

8.      Defendant admits that a copy of a document titled NetBank, Inc. Nonqualified Deferred Compensation Plan Summary Plan Description is attached to the Complaint as Exhibit B but is otherwise without knowledge of the allegations of paragraph 8 and therefore denies same.

9.      Defendant admits that a copy of a document titled Nonqualified Deferred Compensation Program Including § 401(k) Transfer Basic Program Document Sponsored by AMVESCAP Retirement, Inc. is attached to the Complaint as Exhibit C but is otherwise without knowledge of the allegations of paragraph 9 and therefore denies same.

10.     Defendant admits that a copy of a document titled Nonqualified Deferred Compensation Program Including § 401(k) Transfer Adoption Agreement is attached to the Complaint as Exhibit D but is otherwise without knowledge of the allegations of paragraph 10 and therefore denies same.

11.     With regard to paragraph 11, Defendant admits that a portion of the Trust Agreement so provides.

12.     With regard to paragraph 12, Defendant admits that a portion of the Basic Program Document so provides.

13.     With regard to paragraph 13, Defendant admits that a portion of the Plan Description so provides.

14.     With regard to paragraph 14, Defendant admits that a portion of the Plan Description so provides.

15.     Defendant is without knowledge of the allegations of paragraph 15 and therefore denies same.

16.     Defendant admits that a copy of a letter from Steven Herbert, Chief Executive Officer of NetBank, Inc. to Jeffrey Hale, Vice President, Client Services, Merrill Lynch is attached to the Complaint as Exhibit E but is otherwise without knowledge of the allegations of paragraph 16 and therefore denies same.

17.     Defendant admits the allegation in paragraph 17.

18.     Defendant admits the allegations of paragraph 18.

19.     Defendant admits the allegations of paragraph 19.

20.     Defendant repeats and realleges his answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     Defendant admits that he received a disbursement of $144,232.66 as a result of his contributions to the Deferred Compensation Program as that term is defined in the Complaint but otherwise denies the allegations of paragraph 21.

22.     Defendant admits that he received a disbursement as a result of his contributions to the Deferred Compensation Program but otherwise denies the allegations of paragraph 22.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.    Defendant admits that he received a disbursement as a result of his contributions to the Deferred Compensation Program but otherwise denies the allegations of paragraph 25.

26.    Defendant denies the allegations of paragraph 26.

27.    Defendant is without knowledge as to the allegations of paragraph 27 and therefore denies same.

28.    Defendant denies the allegations of paragraph 28.

29.    Defendant denies the allegations of paragraph 29.

30.    Defendant repeats and realleges his answers to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Defendant denies the allegations of paragraph 31.

32.    Defendant denies the allegations of paragraph 32.

33.    Defendant admits that he received a letter from the Liquidating Supervisor dated August 4, 2009 and refused to pay over to the Plaintiff the amount of the disbursement he received as a result of his contributions to the Deferred Compensation Program but otherwise denies the allegations of paragraph 33.

34.    Defendant denies the allegations of paragraph 34.

35.    Defendant repeats and realleges his answers to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    Defendant denies the allegations of paragraph 36.

37.    Defendant is without knowledge of the allegations of paragraph 37 and therefore denies same.

38.    Defendant is without knowledge of the allegations of paragraph 38 and therefore denies same.

39.    Defendant is without knowledge of the allegations of paragraph 39 and therefore denies same.

40.    Defendant admits that he received a disbursement as a result of his contributions to the Deferred Compensation Program within two years of the date the Debtor filed its bankruptcy petition but otherwise denies the allegations of paragraph 40.

41.    Defendant denies the allegations of paragraph 41.

42.    Defendant repeats and realleges his answers to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.    Defendant denies the allegations of paragraph 43.

44.    Defendant denies the allegations of paragraph 44.

45.    Defendant denies the allegations of paragraph 45.

46.    Defendant repeats and realleges his answers to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    Defendant denies the allegations of paragraph 47.

48.    Defendant denies the allegations of paragraph 48.

49.    Defendant denies all allegations not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1.    The disbursement Defendant received as a result of his contributions to the Deferred Compensation Program was made by NetBank, fsb and not by the Debtor and therefore there was no transfer of the Debtor's assets to Defendant.  Sections 547, 548 and 550 of the Bankruptcy Code provide no authority for a trustee to avoid transfers made by a third party.

2.      Even if the Debtor was the source of funds for the disbursement Defendant received from NetBank, fsb, the funds were ear-marked to be paid to the Defendant and such funds did not diminish the assets of the Debtor's estate.

3.      The disbursement Defendant received as a result of his contributions to the Deferred Compensation Program was not made on account of an antecedent debt but instead was made contemporaneously with Defendant's termination of employment with the Debtor, in accordance with the terms of the Deferred Compensation Program.

4.      The disbursement Defendant received as a result of his contributions to the Deferred Compensation Plan was not a preferential transfer under § 547(b)(5) because it did not result in his receiving more than he would have if this case were a case under Chapter 7 of the Bankruptcy Code and the disbursement had not been made, because Defendant's payment from the Deferred Compensation Program would have been entitled to priority claim status in a Chapter 7 and would have been paid in full.

5.      The disbursement Defendant received as a result of his contributions to the Deferred Compensation Program were made in the ordinary course and financial affairs of the Debtor and made according to the ordinary business terms of the Deferred Compensation Program as a result of Defendant's departure from the Debtor's employment.

Dated: September 4, 2009

Respectfully submitted,

**AKERMAN SENTERFITT**


By: /s/ *Raye Curry Elliott*

David E. Otero
Florida Bar Number:  651370
E-mail:  david.otero@akerman.com
Raye Curry Elliott
Florida Bar Number:  0018732
E-mail:  raye.curryelliott@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, FL  32202-3640
Phone:  (904) 798-3700
Fax:  (904) 798-3730

Attorneys for Defendant, Dwight Galloway


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification via the CM/ECF system or by U.S. mail this 4th day of September, 2009 to:

Michael D. Langford, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309-4530

Betsy C. Cox, Esq.
Rogers Towers, P.A.
1301 Riverplace Blvd.
Suite 1500
Jacksonville, FL  32207


/s/ *Raye Curry Elliott*
Attorney